UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JAMES LOGAN             ]
     Plaintiff,         ]
                        ]
v.                      ]    No. 3:12-0330
                        ]    Judge Trauger
LOIS M. DEBERRY SPECIAL NEEDS ]
FACILITY, et al.        ]
     Defendants.        ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Lois Deberry Special Needs Facility; Tina Armstrong, the Medical Administrator at Deberry; and the Tennessee Department of Correction; seeking declaratory, injunctive and monetary relief.

In June, 2011, the plaintiff's hearing was tested at Deberry. At that time, it was discovered that the plaintiff was hearing impaired. He needed a hearing aid for each ear. The Tennessee Department of Correction approved the hearing aids for the plaintiff. He returned to Deberry in December, 2011 and molds were taken of each ear. The plaintiff believes that his right to medical care has been violated because he has not yet received the hearing aids.

In order to establish a claim for relief under § 1983, the

plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

In this case, the plaintiff admits that the defendants tested his hearing. When it was learned that he had a hearing problem, the plaintiff was prescribed a hearing aid for each ear. The request for the hearing aids was approved by the Tennessee Department of Correction and molds were taken of the plaintiff's ears. The fact that the plaintiff has not yet received the hearing aids does not suggest a deliberate indifference to his hearing problem. Rather, it appears that the plaintiff is challenging the adequacy of the care accorded him.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation

of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, he has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge